## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MATTHEW SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 23-cv-02199 |
| v. | ) | |
| | ) | Hon. Franklin U. Valderrama |
| CITY of CHICAGO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Plaintiff Matthew Smith (Smith) was sitting in his car in a gas station when Chicago Police Officers Avendt and Gallagher approached him, asked him to exit the vehicle, and without probable cause, searched his vehicle allegedly based upon the smell of Cannabis. Smith was arrested for the Manufacture and Delivery of 30 to 500 grams of Cannabis and Use of Cannabis in a Motor Vehicle. Smith later pled guilty to one count of Manufacture and Delivery of 30 to 500 grams of Cannabis and was sentenced to twenty-four months of probation. Smith, proceeding *pro se*, sued Officers Avendt and Gallagher, Lt. Ryan,[1] and the City of Chicago under 42 U.S.C. § 1983 for violating his Fourth and Fourteenth Amendment rights. R. 1, Compl.[2] Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 25, Mot. Dismiss. For the reasons that follow, Defendants' motion to dismiss is denied in part and granted in part.

---

[1]Defendant Lt. Ryan was not present at the scene but later reviewed and approved the reports.

[2]Citations to the docket are indicated by "R." followed by the docket number and, where necessary, a page or paragraph citation.

## Background

On February 24, 2023, Smith was sitting in his car on the phone when the Defendants approached his vehicle. Compl. ¶ 1; *see also* Mot. Dismiss, Exh. A, Cert. Statement.[3] According to Smith, the police had not been called to the gas station because he knows the owner and frequented the gas station. *Id.* ¶ 2. Rather, alleges Smith, the Officers approached him because he was an "African American," sitting in a car with tinted windows. *Id.* ¶ 3. Defendants searched Smith's car, and he was arrested and charged with Manufacture and Delivery of 30 to 500 grams of Cannabis and Use of Cannabis in a Motor Vehicle. Smith pled guilty to the Manufacture and Delivery of 30 to 500 grams of Cannabis count. Cert. Statement; *see also* R. 30, Resp. at 5. Smith subsequently sued the Defendants under Section 1983 for violating his Fourth and Fourteenth Amendment rights. Compl. Defendants move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6).

## Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient to "state a claim to relief that is plausible on

---

[3]The Court addresses its ability to consider the Certified Statement of Conviction from Smith's criminal case below. *See infra* Section I.A.

its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79. In addition, because Smith is proceeding *pro se*, the Court construes his Complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

## Analysis

### I.     Consideration of Defense Exhibits

Defendants, in their motion to dismiss, invite the Court to consider (1) the Certified Statement of Conviction from Smith's criminal case, Cert. Statement, as well as Defendants' body-worn camera (BWC) videos, Mot. Dismiss, Exhs. B, C, D and E. The Court addresses each category of exhibits in turn, starting with the Certified Statement.

### A. Certified Statement of Conviction

A court can take judicial notice of matters of public record without converting a motion to dismiss into one for summary judgment. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). "This principle can extend to criminal plea agreements and transcripts of criminal court hearings."

3

*Schwind v. Koste*, 2020 WL 3035997, at *3 (N.D. Ill. June 4, 2020). Therefore, the Court will take judicial notice of the Certified Statement of Conviction from Smith's criminal case. *Handy v. Weathersby*, 2025 WL 27500, at *4 (N.D. Ill. Jan. 3, 2025).

### B. Body-Worn Camera Videos

Turning to the BWC videos, Defendants point out that a court may consider materials attached to a motion to dismiss where those materials are central to a plaintiff's claim, and therefore the Court should consider the BWC videos. Mot. Dismiss at 8–10 (citing, *inter alia, Williams v. State Farm Mut. Auto. Ins. Co.*, 609 F. Supp. 3d 662, 673 (N.D. Ill. 2022)). The Court declines the invitation.

Generally, a court "cannot consider evidence outside the pleadings to decide a motion to dismiss without converting it into a motion for summary judgment." *Jackson v. Curry*, 888 F.3d 259, 263 (7th Cir. 2018). There are exceptions to this general rule. One such exception is the doctrine of incorporation by reference. Under this doctrine a court may consider extraneous materials on a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to [the] claim." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (cleaned up).[4]

Here, the Complaint does not reference the videos, nor does it attach them as an exhibit. And, contrary to Defendants' contention, the videos are not central to

---

[4]This Order uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

Smith's Complaint. Nor are the videos being used for a limited purpose; rather, the Defendants attempt to use the videos to undermine Smith's allegation that no probable cause existed for his arrest. Therefore, the Court declines to consider the videos at the pleading stage where the Complaint does not mention the videos and Smith's claims themselves do not hinge on the video. *See, e.g.*, *Daoud v. City of Chicago*, 2023 WL 5389015, at *4 (N.D. Ill. Aug. 22, 2023); *Brown v. City of Chicago*, 594 F. Supp. 3d 1021, 1030 (N.D. Ill. 2022) ("[W]hile the videos will provide key insights into the allegedly unreasonable events that took place on the morning of March 15th, the videos are not themselves dispositive of the facts at issue and Plaintiffs could have brought this § 1983 case if the BWC footage never existed."). That Smith does not object to the Court's consideration of the videos, Resp. at 5, does not change the conclusion. *See, e.g.*, *MacDonald v. City of Desplaines*, 2025 WL 1883574, at *2 (N.D. Ill. July 8, 2025). "[I]f video exists that clearly contradicts [a plaintiff's] story, an early and cost-efficient motion for summary judgment might be appropriate." *Felton v. City of Chi*, 827 F.3d 632, 637 (7th Cir. 2016).

The Court, having determined that its analysis is confined to the Complaint, now turns to the Defendants' motion to dismiss.

## II. *Heck v. Humphrey*

Defendants argue that Smith's Fourth and Fourteenth Amendment claims for illegal detention, illegal search, and illegal seizure are barred by *Heck v. Humphrey*, 512 U.S. 477 (1944). Mot. Dismiss at 5.

In *Heck v. Humphrey*, the Supreme Court held that a district court must dismiss a § 1983 action if a judgement in favor of the plaintiff in that § 1983 action "would necessarily imply the imply the invalidity of his conviction . . . unless the plaintiff can demonstrate that the conviction . . . has already been invalidated." 512 U.S. at 487; *see Burd v. Sessler*, 702 F.3d 429, 432 (7th Cir. 2012); *see also McCann v. Neilsen*, 466 F.3d 619, 622 (7th Cir. 2006) (stating a complaint cannot "contain factual allegations that necessarily imply the invalidity of his convictions") (cleaned up). *Heck* does not bar, however, challenges to searches and seizures, or false arrests, that do not necessarily affect a conviction's validity. *Pyles v. Officer Daily*, 2023 WL 3978513, at *4 (S.D. Ill. June 13, 2023) (citing *Wallace v. Kato*, 549 U.S. 384, 397 (2007)). The purpose of the *Heck* doctrine is to prevent "collateral attack on [a] conviction through the vehicle of a civil suit." *Heck*, 512 U.S. at 484 (cleaned up). This means that Smith may not pursue a § 1983 claim if success on that claim would necessarily imply the invalidity of his conviction. *Tolliver v. City of Chicago*, 820 F.3d 237, 244 (7th Cir. 2016). The Court finds that Smith's Fourth and Fourteenth Amendment claims[5] do not come within the ambit of *Heck*.

The Court finds *Mordi v. Zeigler*, 870 F.3d 703 (7th Cir. 2017), instructive. In *Mordi*, state troopers pulled over the plaintiff while driving on a highway for failing to have his license plate on his bumper. *Id.* at 705. Near the conclusion of the stop,

---

[5]The Court need not determinate at this juncture whether Smith's claims are appropriately brought under the Fourth or Fourteenth Amendments, or both. *See, e.g.*, *In re Watts Coordinated Pretrial Proc.*, 2022 WL 9468206, at *14 (N.D. Ill. Oct. 14, 2022).

however, officers asked the plaintiff whether they could search his car for drugs. *Id.* at 706. The plaintiff said no. *Id.* Approximately 20 minutes into the stop, an officer radioed for a drug-sniffing dog, which arrived 10 minutes later. *Id.* The dog sniffed the car and alerted the officers to drugs. *Id.* The officers then searched the vehicle and found crack cocaine in a duffle bag in the back seat. *Id.* Eventually the plaintiff pled guilty to federal drug charges for possession with intent to deliver. *Id.* The plaintiff then filed a civil suit under Section 1983 alleging that the officers racially profiled him and did not have probable cause to prolong the stop. *Id.* at 706–07. The district court dismissed the plaintiff's Section 1983 claims on screening under 28 U.S.C. § 1915A, reasoning that "[c]hallenges to the constitutionality of a conviction must be raised, if at all, on direct appeal from the conviction or in a proper post-conviction or habeas action." *Id.*

The Seventh Circuit held that *Heck* did not bar the plaintiff's Fourth Amendment claims. *Mordi*, 870 F.3d at 708. First, the court determined that even if the plaintiff prevailed on his prolonged detention and racial-profiling claims, his conviction would still be secure. *Id.* The court recognized that "a court's decision not to suppress illegally seized evidence can lead to a conviction without blotting out a § 1983 challenge to the seizure." *Id.* (cleaned up). This is because courts do not suppress a person's body. *Id.* at 707–08 (cleaned up). Second, the court reasoned that even where a litigant makes some *Heck*-barred contentions, the proper course of action is to carve off any *Heck*-barred contentions and proceed with what remains. *Id.*

at 708. "*Mordi* makes clear that claims are not *Heck*-barred if they challenge *how* the police discover evidence, not the *legitimacy* of that evidence." *Knox v. Luke*, 2023 WL 3389347, at *6 (N.D. Ill. May 11, 2023) (emphases in original). An example illustrates the point. "[S]uppose a defendant convicted of possessing illegal drugs found on his person sued the officer who had found the drugs, alleging that the officer planted them. If he won the suit, it would imply the invalidity of his drug conviction." *Rollins v. Willett*, 770 F.3d 575, 576 (7th Cir. 2014). Such is the case here.

Smith's false arrest and unlawful detention claims[6] are not *Heck*-barred because they do not necessarily imply the invalidity of his criminal conviction. The essence of Smith's claim is that Defendants did not have probable cause to approach and detain him initially—not that he did not unlawfully possess cannabis. *See Louden v. Carter*, 2021 WL 5882163, at *5–6 (N.D. Ill. Dec. 13, 2021); *DuPage v. Butler*, 2023 WL 2189482, at *3 (C.D. Ill. Feb. 23, 2023).

### III.    Collateral Estoppel

Defendants also argue that collateral estoppel bars Smith from re-litigating issues in a Section 1983 action that were decided against him in an earlier proceeding. Mot. Dismiss at 6 (citing *Simpson v. Rowan*, 125 F. App'x 720, 721 (7th Cir. 2005)).

---

[6] In the first paragraph of his Complaint, Smith also alleges that Defendants "falsif[ied] documents." Compl. at 1. Smith does not include any further allegations regarding the allegedly falsified documents, so, as an initial matter, he fails to sufficiently put Defendants on notice of any claims against them based on such documents. *See, e.g.*, *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, the falsification of documents related to Smith's arrest would imply the invalidity of Smith's conviction, and therefore would be barred by *Heck*. *See Knox*, 2023 WL 3389347, at *5–6.

"Whether a plaintiff's § 1983 claim is barred by a state court conviction is determined by the state's rules of collateral estoppel." *Brown v. City of Chicago*, 599 F.3d 772, 774 (7th Cir. 2010).

In Illinois, collateral estoppel bars re-litigation of an issue if: "(1) the party against whom the estoppel is asserted was a party to the prior adjudication, (2) the issues which form the basis of the estoppel were actually litigated and decided on the merits in the prior suit, (3) the resolution of the particular issue was necessary to the court's judgments, and (4) those issues are identical to issues raised in the subsequent suit." *Wells v. Coker*, 707 F.3d 756, 761 (7th Cir. 2013) (cleaned up). The burden is on the party asserting collateral estoppel to establish each element. *McDonald v. Adamson*, 840 F.3d 343, 347 (7th Cir. 2016) ("Because collateral estoppel is a distinct affirmative defense, defendants bore the burden to raise it in the district court and show that its application is clear on the face of [plaintiff's] complaint.").

Here, the first element is not at issue: there is no question that Smith was a party to the underlying state criminal proceedings. It is the second element that presents a problem for the Defendants. At the criminal hearing, the issue was whether Smith was guilty of the Manufacture and Delivery of 30 to 500 grams of Cannabis count. Here, on the other hand, the focus is on whether Defendants had probable cause to detain Smith and search his car. Put another way, as discussed above, the issue is whether Defendants racially profiled Smith and on that basis detained him and searched his car. *See supra* Section II. That issue was not decided

9

by the state criminal court. Therefore, for now, Defendants have failed to establish all of the collateral estoppel elements.

## IV. Probable Cause

Last, Defendants argue that they had probable cause to arrest Smith, which dooms his false arrest claim. Mot. Dismiss at 10 (citing *Neita v. City of Chicago*, 830 F.3d 494, 497 (7th Cir. 2016) ("[t]o prevail on a false-arrest claim under § 1983, a plaintiff must show that there was no probable cause for his arrest")). "Probable cause to justify an arrest exists if the totality of the facts and circumstances known to the officer at the time of the arrest would warrant a reasonable, prudent person in believing that the arrestee had committed, was committing, or was about to commit a crime." *Abbott v. Sangamon Cnty., Ill.*, 705 F.3d 706, 714 (7th Cir. 2013). Additionally, posit Defendants, under the Fourth Amendment, an officer may "initiate an investigative detention 'when the police have reasonable suspicion, supported by articulable facts, that criminal activity is afoot.'" Mot. Dismiss at 11 (quoting *United States v. Adamson*, 441 F.3d 513, 520 (7th Cir. 2006)).

According to Defendants, they had reasonable suspicion to stop, search, and detain Smith—and probable cause to arrest Smith—because when they encountered him, they detected an order of cannabis and saw Smith holding a blunt and smoking cannabis. Mot. Dismiss at 12. But none of these supposed facts are contained in the Complaint. Rather, from the Defendants' perspective, they are depicted in the BWCs. The Court, however, has already addressed the issue of the admissibility of the BWCs

10

at this juncture. At summary judgement, the results may be different, but for now, based on the allegations of the Complaint, Smith has adequately pled illegal search and detention claims.

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss [25] is denied in part and granted in part. Smith's claims for false arrest and unlawful detention may proceed. Any claims based on the falsification of evidence are dismissed without prejudice. The Court directs Defendants to answer Smith's Complaint on or before September 16, 2025. The deadline for further amendments to the pleadings is November 24, 2025. The Court refers discovery supervision (including setting all deadlines, resolution of any discovery motion, and resolution of any motion to stay discovery) and settlement matters to the Magistrate Judge.

Dated: August 26, 2025

United States District Judge
Franklin U. Valderrama